■ In the Matter of the Claim of MICHAEL CARAVAN, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 674]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 2003, which, upon reconsideration, adhered to its prior decision dismissing claimant's appeal from a decision of an Administrative Law Judge as untimely.

By decision dated and mailed March 20, 2003, an Administrative Law Judge sustained that part of an initial determination assessing claimant with a recoverable overpayment of benefits based upon willful false statements and reducing his right to future benefits by eight effective days. Claimant appealed the decision to the Unemployment Insurance Appeal Board on May 10, 2003. At a hearing held July 2, 2003 to determine the timeliness of claimant's appeal, the matter was adjourned in order for claimant to submit documentation substantiating his assertion that he did not receive the March 20, 2003 decision because, among other reasons, he had moved. Claimant failed to appear at the subsequent hearing or send any evidence supporting his proffered excuse for failing to timely appeal. Inasmuch as claimant failed to comply with the 20-day statutory filing requirements of Labor Law § 621 (1) and/or appear at the hearing, the Board dismissed claimant's appeal as untimely. There-

after, claimant applied to reopen the Board's decision, and, upon reconsideration, the Board adhered to its prior decision. This appeal ensued.

We affirm. We find no reason to disturb the Board's decision given claimant's failure to comply with the strict 20-day statutory time period and failure to establish good cause for not complying therewith (*see Matter of Miliadis [Commissioner of Labor]*, 278 AD2d 654, 655 [2000]; *Matter of Lau-Li [Commissioner of Labor]*, 268 AD2d 655, 656 [2000]). Claimant's attempt to argue the underlying merits of the denial of his application for unemployment insurance benefits are, accordingly, not properly before this Court (*see id.*).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.